## J. D. OSBORNE v. R. K. WHITE & SELVAGE.

**Street Improvement—Property Holders Expense—Each Front Liable.**

   Property fronting on more than one street, shall be taxed for such street improvements as made thereon, but only each front is liable for the improvements made on it, and not on the other fronts. And the purchase of a long front, however narrow may be the lot, the purchaser must be presumed to have known the burdens thus placed upon it, and find compensation for these in the reduction of the consideration to be paid, or the prospective increase in value.

**Same—Confiscation, Under Guise of Taxation.**

   Particular circumstances might arise however which would forbid the holding of a long narrow front liable for improvements made on it, in that it might amount to the confiscation of the property, under the guise of taxation.

APPEAL FROM LOUISVILLE CHANCERY COURT.

February 13, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The city charter and amendments authorized the city council of Louisville, to have the streets improved at the expense of the property holders, and of course the property holder became personally liable for such an outlay, whatever may have been the measure of his responsibility, it was a personal obligation, secured also by a lien upon the property, the front of which might be so improved.

The evidence does not authorize the conclusion that the city council transcended its legal authority in the improvement in this case, nor in the assessment of the expense thereon. Only corner lots can have three fronts, and as these have the benefit of three streets and which greatly enhances their value, we do not see why the front on each street shall not be taxed for the improvement of the street in its front, but only each front is liable for improvement made on it, and not on the other fronts, and if a man should see proper to purchase a long front, however narrow may be his lot, he must be presumed to purchase with a view to the burdens which by law may be imposed on it, and find compensation for

these in the reduction of the consideration to be paid, or in the prospective increase in value. Whilst we do not intend to decide that there might not be peculiar circumstances which would forbid the holding of a long narrow front liable for the improvements made thereon, as this might amount to a confiscation of the property of the owner, under the guise of taxation, yet we do decide that this case presents no such peculiar facts. This purchase was probably made by Osborne in full view that the council had determined to improve the street, and though his lot fronts Eighth street 269 feet and is only 35 feet deep, still it would be liable to the expense of improving this front even if Osborne knew nothing of the council's determination to improve Eighth street, or if indeed the council had not then determined to have the street improved.

Judgment affirmed.

*Thompson,* for appellant.

*White, Boone,* for appellees.